

FILED

2015 FEB -6  AM 11: 36

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

1

2

3  DORIS JONES, *in propia persona*
4  5628 COMANCHE AVENUE
   WOODLAND HILLS CA, 91367
5  Telephone:(310) 734-5512

6

7              IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF CALIFORNIA
8                   NORTHERN, OAKLAND DIVISION

9

10 GW SAN DIEGO PROPERTIES,LLC, AND OR Its
   SUCCESSORS, AND/OR ASSIGNEES IN INTEREST
11          PLAINTIFF,                    CIVIL ACTION NUMBER:

12 V.                                     CV15-863.MJAK MANt
   S
13 MICHAEL MAGNESS  and            Removed from LOS ANGELES County
   DORIS JONES                     Superior Court of California
14 DOES 1 TO 4, Through 10, inclusive   Case No.: 14R09451
          Defendants.

15

16 _____/

17              **DEFENDANTS' NOTICE OF REMOVAL**

18 1.    Defendant DORIS JONES was forced to file a Federal Bankruptcy to stay an unlawful detainer

19 summons filed against his home.  Plaintiff was able to perform actions with the Fremont Hall Of

20 Justice Judicial District without notifying Defendant of any court hearing dates, preventing Defendant

21 from presenting evidence and facts to the court that would have proven constructive fraud had been

22 committed against the state of California, the Los Angeles County Recorder's Office and the Santa

23 Monica Court.  (See copy of the Santa Monica Court District Case Register of Actions Notice Exhibit

24 1 ).

25 2.    Defendant had made the attorney's of record aware of the fraud by mailing them a copy of the

26 substitution of Trustee that was never recorded with the Los Angeles County Recorder's Office.

27 Defendant alleges that the signature on the Substitution of Trustee are forged and Christina Allen,

28 Vice President for an on behalf MERS is a person without authority to sign the document.  The

   corporate Assignment of Deed of Trust has forged signature, Kimberly Clark, Vice President for and

                              - 1 -

on behalf of MERS is a person without legal authority to sign the document and was mailed over the United States Postal Service to County Recorder's Office.  (See Corporate Assignment of Deed Trust exhibit 2 & Substitution of Trustee exhibit 3 attached).

3.    Plaintiff filed a Summons Complaint November 19, 2010.  (exhibit "4")

4.    Defendant had filed a Motion to Strike the complain on August 30, 2014 and set it for hearing on September 9, 2014 and was shocked and surprised when defendant checked the case summary records to discover that the ruling against my motion to strike was vacated on September 9, 2011 without Defendants knowledge or appearance.  (motion to strike exhibit "5")

5.  Plaintiff receiving a vacate ruling on September 9, 2014 without notifying Defendant of the hearing.

6.    Defendant was never notified by phone, mail or personal service of any hearing, preventing Defendant his civil rights, equal protection under the law and due process rights.  A scheme that attorney John C. Saginaw uses to win his cases I have learned.

7.    Defendant, alleging that he is being denied and cannot enforce his rights to equal protection of the laws as a foreign Elderly man under the racially and ethnically discriminatory laws of the State of California, which facially and as applied by the California Superior Courts of Limited Jurisdiction presume illiteracy and ignorance on the part of Foreign surname Defendant, now file this notice of removal pursuant to 28 U.S.C. §§1332, 1441, 1443 and 1446, alleging as follows:

8.    Defendant alleges that DLJ Mortgage Capital LLC, along with MERS and other entities that will be disclosed at trial constructively conspired to defraud Defendant of his property.

9.    Standing requirements.

10.   The U.S. Supreme Court has stated the standing requirement as follows: "To qualify for standing, a claimant must present an injury that is concrete, particularized, and actual of imminent; fairly traceable to the defendant's challenged behavior; and likely to be redressed y a favorable ruling.  Legal standing truly rests its first prudential origins

*Fairchild v. Hughes,* (1922)

11.    A Party facing prospective injury where the threatened injyry is real, immediate, and direct, see e.g., Los Angeles v. Lyons, 461 U. S. 95, 102 Article III restricts federal courts to the resolution of cases ad controversies. *Arizonans for Official English* v. *Arizona,* 520

12.    The requirement that a claimant have "standing is an essential and unchanging part of the case-or controversy requirement of Article III." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992);

see also *Arizonans for Official English, supra,* at 64.  To qualify for standing, a claimant must present an injury that is concrete, particularized, and actual or imment; fairly traceable to the defendant's challenged behavior; and likely to be redressed by a favorable ruling.  *Lujan, supra,* at 560-561.

13.     "[S]tanding is not dispensed in gross." *Lewis v. Caey,* 518 U.S. 343,358, n. 6 (1996).  Rather, "a plaintiff must demonstrate standing for each claim he seeks to press" and "for each form of relief" that is sought.  *DaimlerChrysler corp.* v. *Cuno,* 547 U.S. 332, 352, (2006) (quoting *Friends of Earth, supra* at 185).

14.     Standing is a "threshold question in every case, determining the power of the court to entertain the suit."  Warth v. Seldin, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). Hence, "a defect in standing cannot be waived; it must be raised, either by the parties or by the court, whenever it becomes apparent." U.S. v. AVX Corp., 962 F.2d 108, 116 n. 7 (1st Cir. 1992)

15.     Defendant contends that DLJ Mortgage Capital LLC, never purchased the property and *perpetrated* constructive fraud by filing a false Deed Upon Trustee Sale with the county recorder's office.

16.     Diversity Jurisdiction exists where there is complete diversity between Plaintiffs and Defendants, as there is in this case, and where the amount in controversy exceeds $75,000.00.

17.     Defendants must emphasize that they have never been served or notified of any court room hearing to appear or Demand or Petition of any kind (filed in State of Federal Court) regarding the foreclosure or eviction of their property.  Defendants presume from the paperwork never received that a vacate ruling has been entered against them, in their alleged or manufactured absence, "by default", and that the primary remedy sought by the Plaintiff DLJ Mortgage Capital LLC.

18.     If it is true that the California Superior Court action seeks to recover *possession* of the Property, this does not mean that there is no amount in controversy or that "possession" of the property in question is not worth far more than $75,000 minimum required for diversity jurisdiction.

19.     Happily, a "Comment: Federal Jurisdiction: Amount on Controversy in suits for Non-Monetary Remedies", from the ***California Law Review*** of 1958 appears to address all possible concerns in Defendant's favor:

The test of jurisdictional amount has been called the "pecuniary result to either party." ***Ronzio v. Denver & R.G.W.R.R,*** 116 F. 2d 604, 606 (10th Cir. 1940), relying on ***Smith v. Adams*** 130 U.S. 167, 175 (1889), and ***Elliott v. Empire Natural Gas Co.,*** 4 F.2d 493, 497,

(8th Cir. 1925).  Presumably, "result" therefore refers to the damange either party would sustain in the event of an adverse decree.  Limitations on the extent to which future damage may enter into calculation of the jurisdictional amount have therefore been suggested.  One limitation distinguishes immediate or direct results (which may be valued) from collateral results (which may not).  *Healy v. Ratta,* 292 U.S. 263, 268 (1934); *Elliott v. Empire Natural Gas Co,* 4F.2d 493, 500 (8th ZCir. 1925).  But what constitutes a "collateral" as opposed to a "direct" result is uncertain.  A similar difficulty arises from a distinction between "primary" and "secondary" rights as testing jurisdictional amount.  (further citations omitted).

*California Law Review,* **Vol 46, No. 4, (Oct. 1958), pp. 601-609.**

20.   In a case for unlawful detainer/ forcible eviction such as the present case, the "pecuniary result to either party"  should be measured not by the amount of money which Plaintiff seeks to extract from Defendant, but the value of the property of which Plaintiff seeks to deprive the Defendant of *"possession."*  Plaintiff's house at 5628 COMANCHE AVE WOODLAND HILLS, CA,  94560 has current market value, even in this depression, several times $75,000.00 in value.

21.   If Defendant is correct in assuming that Plaintiff conducted a wrongful foreclosure and now seeks therefore to commit a wrongful eviction, there is no scenario where it can be said that Plaintiff **GW SAN DEIGO PROPERTIES, LLC** seeks a pecuniary result to the Defendant DORIS JONES less than $75,000.00, probably closer to $612,000.00

22.   The requirements of 28 U.S.C. §1332, 1441, and 1446 for removal have all been met and this court should take note and sustain this Notice of Removal on grounds of diversity of citizenship and amount in controversy in excess of $75,000.

23.   A completely separate and independent grounds for removal is offered by and under 28 U.S.C §1443, and seems particularly relevant in that this is a case of "judgment without service" or actual notice, meaning that even the very bare minimum requirements of due process of law were ignored in this case.

24.   The Supreme Court of the United States held in *Greenwood v. Peacock* that "Under §1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a persuasive and

explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court. *Georgia v. Rachel, ante; Strauder v. West Virgina, 100 U.S. 303.*" 384 U.S. 808, 828, 86 S.Ct. 1800, 1812, 16 L.Ed.2d 944, 957 (1966).

   **(d)** An order remanding a case to the State court from which it was removed is not
   reviewable on appeal or otherwise, except that an order remanding a case to the State court
   from which it was removed pursuant to section 1443 of this title shall be reviewable by
   appeal or otherwise.

30.    This Notice of Removal is timely in that the events, the "order or other paper form which it may first be ascertained that the case is one which is or has become removable" (28 U.S.C. §1446(b)) which triggered the present civil rights removal all occurred within the 30 days prior to August 30,2011 the date of this removal, that triggering event being the "The Vacate Ruling" filed on September 9, 2011.

31.)    The California Superior Courts of Limited Jurisdiction, especially those in Los Angeles County, operate based on an institutionalized predetermination of the outcome reflect a persuasive state statutory program expressly designed to deny Elderly Foreign-surname Defendants (and all similarly situated parties) their equal constitutional rights to equal access to the Courts and to make the enforce contracts for the maintenance of interest in property, which rights are guaranteed by the First, Firth, Ninth, and Fourteenth Amendments to the Constitution, as well as by the Article I guarantee against state "impairment of the obligations of contract."

32.    The Los Angeles County Sheriff's Department Notices are always in English, never bilingual, and so do not acknowledge the large Ethnic/Diversity0cultured and Vietnamese speaking people of Los Angeles County.

33.    The Non-Judicial Mortgage Foreclosure and Quasi-Judicial (but essentially administrative, automatic, ministerially applied) Unlawful Detainer/Forcible Eviction Laws of the State of California are facially discriminatory in that they do not require translations or bilingual texts of contracts or notices.

34.    While Defendant DORIS JONES generally subscribe to the proposition that the civil rights laws should be color-blind and race-neutral, they do allege and will prove by a preponderance of the evidence that there is an official program and pattern of linguistic and therefore racial discrimination in the California Superior Courts in Los Angeles County and elsewhere against

*African American* –phone speakers of every origin, including natural, native born citizens of the United States, that the discrimination in California violates the guarantees to due process found in the Fifth and Fourteenth Amendments.

35.    Defendants further allege that the California Civil Code procedures authorizing non-judicial foreclosures and judicial evictions violate 42 U.S.C. §§1981-1982, so that Defendant has a right to remove on the basis that there is a persuasive state statutory program which both on its face and as applied discriminates unfairly against Ethnic-Surname Americans (all of whom are presumed to be illiterate in the English language and therefore ignorant of their rights) and in so doing directly violates Federal U.S. laws guaranteeing equality of access to the courts, ability to present evidence, and to make and enforce contracts for the purpose of acquiring and maintaining ownership of property in particular.

36.    The California Superior Courts, as a matter of expressly stated California statutory law and the customs, practices, and policies having the force of law interpreting and construing the same, never asked or required original Plaintiff to produce evidence or prove actual standing by assignment, power of attorney, deed, or transfer from any person ever in privity of contract with Joey Williams, the original purchasers of the property , this defendant was never given notice or opportunity to present evidence that they were never in privity with any party in privity with Select Portfolio LLC who allegedly sold their property to Plaintiff GW SAN DIEGO PROPERTIES,LLC LLC.

37.    Defendant contends that GW SAN DIEGO PROPERTIES, LLC.
never purchased Defendant's property as alleged in the Unlawful Detainer where by fraudulent 'ASSIGNMENT OF DEED OF TRUST" was recorded with the Los Angeles County Recorder's Office.  Exhibit "1" attached and a 'SUBSTITUTION OF TRUSTEE not in compliance with California Civil Code 2934(a)(2) was never recorded with the Alameda County's Recorder's Office and mandated by law.  Exhibit "2" attached.

38.    These California statutes and the state-wide custom, practice and policy REINFORCES AND SUSTAINS, rather than undermines, the use and invocation of 28 U.S.C §1443(1) removal under the above-cited language of *Greenwood v. Peacock* relating to the Second Prong of the Two Prong Test of the *Johnson v. Mississipi,* namely that "Second, it must appear, in accordance with the provisions of §1443(1), that the removal Petitioner is "denied or cannot enforce" the specified federal rights in the courts of the state."

39.    Accordingly, even if the federal judicial policy of the automatic and non-discretionary racial discrimination in the enforcement of civil rights removal (28 U.S.C. §1443) and equal access to the courts to enforce contract and protect property (42 U.S.C. §§1981-1982) as invoked and applied to this day by District and Appellate Judges in the Ninth Circuit violates equal protection and must not be allowed to survive strict scrutiny because Supreme Court jurisprudence concerning equal protection has moved forward beyond "affirmative action" towards true color-bind application and enforcement of federal civil rights law and doctrine, Defendants in this case are entitled to remove because they are victims of ethnic profiling based on surnames and presumed linguistic incompetence.

40.    "But for" the California *de facto* and *de jure* policies of discrimination against *CROATIAN* surname individuals, DORIS JONES allege that she would have been served with process and that no default judgment would have been entered against her, but applicable California laws allow no objections to due process complaints of this kind, and by their exclusive use of the English Language, create an environment in which denial to notice to not only allowed but presumed and in fact, fostered and encouraged, especially by the Sheriff's Department and Courts of Limited Jurisdiction in Los Angeles County.

41.    Even so, Defendant also agree and submit with others that judicial doctrines, formulations, or policies which alter plain statutory language, as well as any other species of law, should be subjected to the same exacting test whenever decisions are made on race-based schemes categorizing people as favored or disfavored according to their skin color.

42.    It is time to break the racial lock on Civil Rights Removal, one of the most important civil rights statutes ever enacted, and on two closely related statues, 42 U.S.C §§1981 & 1982, which retain archaic, Reconstruction era racial language.  28 U.S.C §1443 states as follows:

Any of the following civil actions or criminal prosecutions, commenced in a State Court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1)Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

43.    On its face, this statue is color-blind, makes no reference to race, and is absolute.  In practical application, the Federal Courts have rendered this statue all but nugatory.

44.    Anyone who wishes to exercise civil rights removal in the United States today must be prepared to fight to overturn one of the oddest relics of Jim Crow Segregation imaginable:  Civil Rights actions are still, in large part, said to be available only to cure RACIAL discrimination, and all other kinds of civil rights abuse are largely left immune, literally immunized, and untouched by the constitution, unlimited by any constraints imposed by fundamental rights or human dignity.

45.    Defendants herein submit that the proper purpose of civil rights removal, exposed by the statutory language, is to provide a federal forum to address systematic denials of equal access to the courts and denial of due process.

46.    It should be available to protect and prevent the creation of statutory classes, must ask the courts to analyze the 44 year old judicial construction and application of Civil Rights Removal (28 U.S.C. §§1443(1), 1447(d)) by application of the "strict scrutiny" test applicable all race-based schemes (even those called "benign") and give the statue the full breadth and strength implicit in the plain language enacted by Congress.  28 U.S C §1443(1), a statue tracing its history back more than a hundred and thirty five years, as written, adopted, and codified by Congress into the positive law of the United States, ought to be one of the most powerful engines of civil rights enforcement under the constitution.

47.)    The language of 28 U.S.C. §1443(1) is inclusive, rather than exclusive, but it the United States Supreme Court gave it an unconstitutionally (racially restricted as well as procedurally and factually) narrow construction in 1966, in the paired cases of *Rachel* v. *Georgia and Greenwood* v. *Peacock,* stating that the statue was only available where civil rights were denied as a matter of racial discrimination.

48.    From this narrow vantage point---and from this statement that only defendants alleging cases of racial discrimination may remove the court has never retreated, last ruling on 28 U.S.C. §1443(1) in *Johnson v. Mississippi* in 1975, and lower courts have unquestioningly followed.

- 8 -

**RELIEF REQUESTED: MAKE CIVIL RIGHTS REMOVAL RACIALLY NEUTRAL AND COMPLATELY COLORBLIND**

49.     Removing Defendants submit, and ask this court to find, hold, and unequivocally rule and issue its mandate tat: the racially unequal application of 28 U.S.C. §1443(1) is an affront to all recent U.S. Supreme Court Jurisprudence since *Regents of the UC v. Bakke,* 438 U.S. 265 (1978), *City of Richmond v. Croson,* 448 U.S. 469 (1989), and *Adarand v. Pena,* 515 U.S. 520, 527-8 (1995).

50.     Although it happens that Defendants in this case ARE the victims of official language based ethnic bias, which is racial-discrimination within the meaning of the civil rights laws of the United States , even the absolute elimination of such discrimination will not solve all of the Defendants' problems: they will still be (most likely) evicted from their homes by unlawful procedures even if they were provided with meaningful notice and opportunity to be heard and object (which in the case, they definitely were not)

51.     It is specifically time to decide that all United States District courts should be permitted to allow civil rights removal so that all Defendants DORIS JONES, and all similarly situated defendants in California Unlawful Detainer cases (or any other state statutory scheme in which fundamental constitutional rights are routinely and systematically trampled or even obliterated, such as foreclosure and eviction proceedings)  will be able to put on evidence.

52.     It would appear from the published cases examined by Defendants herein that ONLY the Defendants in *Rachel v. Georgia* have ever been allowed to do so, and that happened in 1966. To strike the race-based elements of civil Rights Removal is only to follow the plain language of the statute and give Congressional language its plain broad meaning.

53.     Defendants herein satisfied with and does not request in any close to a complete reversal of *Georgia v. Rachel, Greenwood v. peacock,* or *Johnson v. Mississippi,* but only the excision of the racial criteria as unconstitutional, even while alleging that they are in fact the victims of racial discriminations who accordingly do have standing to remove under the law as currently construed.

54.     Defendant herein submit that he has alleged and can prove by clear and convincing evidence all the non-racial or racially neutral criteria imposed on the invocation of 28 U.S.C. §§1443(1) and 1447(d) by the U.S. Supreme Court in *Greenwood v. Peacock, Georgia v. Rachel,* and *Johnson v. Mississippi.*

55.   In fact, defendant herein insists that his case is and ought to be removable precisely because of the direct, in fact the perfectly aligned, factual fit between the evidence concerning California Unlawful Detainer statue and Superior Court Statistics and the above-quoted language of *Greenwood v. Peacock* that:

> "Under § 1443(1), the vindication of the defendants federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of the persuasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court. *Georgia v. Rachel, ante; Strauder v. West Virgina, 100 U.S. 303.*" 384 U.S. 808, 828, 86 S.Ct. 1800, 1812, 16 L.Ed.2d 944, 957 (1966).

56.   The condition of automatic and systematic denial of rights by reason of the operation of persuasive state and (as construed) Federal law does in fact apply to all proceedings.

57.   The California Unlawful Detainer and Non-Judicial Foreclosure statues, together with statutes such as Civil Code §1714.10 and the Anti-Slapp statue (§425.16) were enacted, and not at all uniquely, way express discriminatory intent and effect creating disparate classes of litigants more draconian than most, are designed to obliterate the following fundamental Constitutional freedoms (either included as limitations on state power in the original constitution or incorporated by the Fourteenth Amendment to the states):

58.   (1) freedom from laws tending to establish forms and cannons of business practice in violation of the protections of the common law enshrined in Article I, the First, Fifth, Seventh, Ninth, and Fourteenth Amendments, as well 42 U.S.C. §§1981-1982, (2) freedom to engage in the free assertion of contractual rights and defenses, freedom from statues impairing the obligations of contract, (3) freedom to petition for redress of grievances, (4) freedom from deprivation of private property for public use without just compensation, (5) freedom from deprivation of life, liberty, or property without due process of law, (6) the right to jury trial in all cases where the matter in controversy exceeds $25,000, (7) freedom to exercise all rights retained by the people and not specifically limited by the constitution, (8) the right to be free from involuntary servitude, (9) the right to equal protection of the laws.

59.   The (1960s, Warren Court) U.S. Supreme Court-imposed standard of "Civil Rights Removal" as a form of positive discrimination or "affirmative action" itself is reprehensibly

antiquated and overruled and outlawed by all of the recent civil rights jurisprudence of the Supreme Court, is nothing short of reprehensible.

60.    And even so, Defendant Joey Williams herein have raised a direct issue of statutes based on race <u>within the standards</u> of ***Johnson v. Mississippi,*** as quoted above:

> "First it must appear that the right allegedly denied arises under federal law providing for specific civil rights stated in terms of racial equality."

61.    Accordingly, here there is a direct issue derived from a statue framed in terms of racial equality, in that Defendants herein have invoked the protections of the 42 U.S.C. §§1981-1982, which do frame equality expressly in terms of racial equality.

62.    As noted, the persistence of such federal judicial policy in the face of "strict scrutiny of all race-based schemes, even ones called "benign"" itself raising issues on which this court must rule in the present appeal)  which must be stricken down, suggests that California Superior Court Judges in the Courts of limited jurisdiction believe that the right of the nominal purchaser to evict the prior owner from possession after non-judicial foreclosure takes precedence over the fundamental civil and human rights guaranteed in the United States and California constitutions.

63.    Defendant DORIS JONES, submits that it is nothing short of judicially abusive conduct that he has been denied of his right to present evidence showing (1) that the outcome of all Unlawful Detainer cases following non-judicial foreclosures is uniformly fixed and predetermined patterns, required simultaneously by California statues, court rules and practices having the force or effect of law relating to California mortgage lending collection, and enforcement, as well as other official customs, practices, and policies of the state of California relating to credit extension and enforcement, which customs, practices, and policies have the force and effect of written law, (2) that the statutes fixing and predetermining these non-judicial and judicial outcomes constitute and infringement of rights to due process, equal protection, and freedom of contract under 42 U.S.C. §1982 (if these statutes can possibly be construed in a racially neutral manner, which Defendant contends is not only possible but mandatory, necessary, and required by all modern civil rights law and jurisprudence), (3) that the statutes, court rules, and state customs, practices, and policies relating to uniformly arbitrary and capricious conduct of non-judicial foreclosure and judicial eviction proceedings concerning the state-assisted deprivation disposition of private property, both movable and personal, as well as

the wealth, the lives, and intangible rights "of the people to be secure in their homes and papers" uniformly deny due process of law.

64.    Indeed, California Superior Court Judges and Attorneys in Unlawful Detainer cases enjoy and exercise, as a matter of statue and official state policies such as hopelessly vague statutes such as those creating "Deeds of Trust" which are neither genuine deeds nor trusts, absolutely unbridled and hence utterly unconstitutional discretion to arbitrary and capricious judicial (and private attorney) action and decisions.

65.  The sum total effect of all unlawful detainer proceedings in California Superior Court following non-judicial foreclosures is to tend uniformly towards the utter suppression of constitutional rights to private contractual formation and equality of access to the courts, to acquire and maintain ownership of private property, and individual freedom to offer and give evidence under both 42 U.S.C. Sections 1981 and 1982.

66.    Likewise, the statutory racial language of 42 U.S.C. §§1981 and 1982 themselves must be subjected to strict scrutiny and this court should order it stricken, because there can be no compelling governmental interest in maintaining that:

Section 1981:

"All Persons within the jurisdiction of the United States shall have the same right in every state and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens,"

And

Section 1982:

"All citizens of the United States shall have the same right, in every state and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."

67.    When the consequence of these laws being so written, in archaic, Reconstruction-era language with its exclusively (pose-Abolition of Slavery) Race-Related concerns, is to allow states to create, and allow the courts to uphold and enforce non-racial categories of disfavored persons, such as Defendant Joey Williams in California Unlawful Detainer/Forcible Eviction

cases, who must always lose, there is a great need for removal to Federal Court to preserve these liberties.

68.     Racial discrimination in the enforcement of civil rights is counter to all legitimate purposes of government, and makes a mockery of all American values.  When people are reduced to conditions of involuntary servitude by private economic manipulation and judicial strategems implemented in a matter subservient to those private special interest the people are reduced to slavery.  It matters little that this is done by the stroke of judge's and lawyers' pens and word processors rather by than forcible capture and *de jure* enslavement, the philosophy of equality and the existence of a free society are equally imperiled.

## CIVIL RIGHTS REMOVALS & CIVIL RIGHTS INJUNCTIONS

69.     Civil Rights Removal under 28 U.S.C. §§1443 & 1447(d) and Civil Rights Injunctions under 42 U.S.C. §§1983 & 1988 may be closely related as exceptions to the 'Anti-Injunction Act" 28 U.S.C §2283 as follows:

70.     Defendant DORIS JONES particularly urges this Court to consider a comprehensive re-evaluation of the Civil Rights Injunction doctrine in *Dombrowski v. Pfister, Younger v. Harris,* and *Mitchum v. Foster*, alongside the Civil Rights Removal doctrine articulated in *Greenwood v. Peacock and Rachel v. Georgia*, because, in essence, statutory removals are treated as stays (injunctions) of state court proceedings under the ant injunction act, 28 U.S.C. §2283, and a comprehensive and color-blind State-to-Federal Civil Rights jurisprudence has yet to be developed, but such a constitutional jurisprudence is clearly necessary in light of the recent history of the United States.

**§2283. Stay of State Court Proceedings:**

    **A Court of the United States may not grant an injunction to stay proceedings in a State Court except as expressly authorized by Act of Congress, or where the necessary in aid of its jurisdiction, or to protect or effectuate its judgments.**

71.     *Dombrowski v. Pfister,* 380 U.S. 479; 85 S. Ct. 1116; 14L.Ed.2d 22 (1965) is one of a trio cases, including *Younger v. Harris* 401 U.S. 37; 91 S. Ct. 746 (the only one of these closely related cases which this court cited in June 2010 regarding other Defencants' in similar removal); 27 L.Ed.2d 669 (1971), culminatin in Mitchum v. Foster, 407 U.S. 225; 92 S.Ct. 2151; 32 L.Ed.2d 705 (1972), which specifically addresses the relationship between removals of all kinds

(though not specifically civil rights removals) and civil rights actions for injunctions or stays against state court proceedings under 42 U.S.C §§1983, 1988 and the anti-injunction act:

It is clear from the legislative debates surrounding passage of §1983's predecessor that the Act was intended to enforce the provisions of the Fourteenth Amendment "against State action, …whether that action be executive, legislative, or *judicial.*" *Ex parte Virginia,* 100 U.S. 339, 346 (emphasis supplied). Proponents of the legislation noted that state courts were being used to harass and injure individuals, either because the state courts were powerless to stop deprivations or were in league with those who were bent upon abrogation of federally protected rights.

As Representative Lowe stated, the "**records of the [state] tribunals are searched in vain for evidence of effective redress [of federally secured rights] ….What less than this [the Civil Rights Act of 1871] will afford an adequate remedy?  The Federal Government cannot serve a writ of mandamus upon State Executives or upon State Courts to compel them to protect the rights, privileges and immunities of citizens….**

**This case has arisen…when then Federal Government must resort to its own agencies to carry its own authority into execution.  Hence this bill throws open the doors of the United States courts to those whose rights under the Constitution are denied or impaired."**

Cong. Globe, 42d Cont., 1st Sess., 374-376 (1871).  This view was echoed by Senator Osborn:  "If the State Courts had proven themselves competent to suppress the local disorders, or to maintain law and order, we should not have been called upon to legislate….We are driven by existing facts to provide for the several states in the South what they have been unable to fully provide for themselves; i.e., the full and complete administration of justice in the courts.  And the courts with reference to which we legislate must be the United States courts." *Id.,* at 653.  And Representative Perry Concluded:

"Sheriffs, having eyes to see, see not; judges, having ears to hear, hear not; witnesses conceal the truth or falsify it; grand and petit juries act if they might be accomplices….All the apparatus and machinery of civil government, all the process of justice, skulk away as if government and justice were crimes and feared detection.  Among the most dangerous things an injured party can do is to appeal to justice." *Id.,* at App. 78.

Those who opposed the Act of 1871 clearly recognized that the proponents were extending federal power in an attempt to remedy the state courts' failure to secure federal rights. The debate was not about whether the predecessor of §1983 extended to actions of state courts, but whether this innovation was necessary or desirable.

This legislative history makes evident that Congress clearly conceived that it was altering the relationship between the States and the Nation with respect to the protection of federally created rights; it was concerned that state instrumentalities could not protect those rights; it realized that state officers might, in fact, be antipathetic to the vindication of those rights; and it believed that these failings extended to the state courts.

Section 1983 was thus a product of a vast transformation from the concepts of federalism that had prevailed in the late 18th century when the anti injunction statue was enacted. The very purpose of § 1983 was to interpose the federal courts between the States and the people, as guardians of the people's federal rights – to protect the people from unconstitutional action under color of state law, "whether that action be executive, legislative, or judicial." *Ex parte Virginia,* 100 U.S., at 346. In carrying out that purpose, Congress plainly authorized the federal courts to issue injunctions in § 1983 actions, by expressly authorizing a "suit in equity" as one of the means of redress. And this court long ago recognized that federal injunctive relief against a state court proceeding can in some circumstances be essential to prevent great, immediate, and irreparable loss of a person's unconstitutional rights. *Ex parte Young,* 209 U.S. 479. **For these reasons we conclude that, under the criteria established in our previous decisions construing the anti-injunction statue, §1983 is an Act of Congress that falls within the "expressly authorized" exception of that law.**

407 U.S. 240-242, 92 S.Ct. 2161-2162, 32 L.Ed.2d 716-718 (**bold** added).

72.     By its exhaustive review of the legislative history of 42 U.S.C §1983, *Mitchum* concludes unequivocally that civil rights injunctions against state court proceedings ARE "expressly authorized by Act of Congress" (namely §1983) and are therefore permitted under the anti-injunction act. *Dombrowski* and *Mitchum* both upheld Federal Court injunctions against state court proceedings on civil rights grounds, but all three cases emphasized the fact specific inquiry which a District Court should make regarding the entry of an injunction against state court proceedings.

73.

## SPECIFIC CALIFORNIA STATUTORY IMPAIRMENTS OF THE RIGHTS TO MAKE AND ENFORCE CONTRACTS

74.     **For example, the Superior Courts of the State of California do not require any proof of ownership or title to property prior to commencing eviction proceedings, nor of any proof of lawful compliance with California law regarding the stricture of non-judicial foreclosures and the recording of sales and transactions relation to foreclosure,** so that it is possible for tort feasors such as GW SAN DIEGO PROPERTIES,LLC, Quality Loan Service Corporation, and others similarly situated to hide or disguise transactions by insertion of certain errors (such as misspelled names) and omission of other critical evidence, such as sales prices or appraisals, which permits fraudulent transactions to take place.

75.     Another example of the completely farcial nature of the non-judicial foreclosure proceedings which take place in California routinely as a matter of state and local custom, practice, and policy having the forced of law is the fact that the judges do not uphold the California Rules of Civil Procedure section 367 (Real Party in Interest).  Every action must be prosecuted in the name of the real party in interest, except as otherwise provided by statue.  See in re Foreclosure Cases, 521 F. Supp. 2d 650, 653 (S.D. Ohio 2007) (stating that, "[t]o show standing in a foreclosure action, …the plaintiff must show that it is the holder of the notice and the mortgage at the time the complaint was filed [and] …the holder of the note and mortgage is harmed, usually by not having received payments on the note")

76.     The eviction proceedings in this case were conducted in secrecy and in stealth behind closed doors with no notice or other elementary due process of law in such manner that DORIS JONES were defrauded of the implied convenant of good faith and fair dealing, which was so extreme and outrageous as to constitute actual constructive fraud on the part of GW SAN DIEGO PROPERTIES,LLC LLC and Quality Loan Service Corporation.

77.     Defendant allege there was actual or constructive fraud right up until the moment of the vacate ruling without the appearance of Defendant.

78.     Defendant is accordingly entitled to remove pursuant to 28 U.S.C. §1443 which provides that defendants may remove civil actions commenced in any state court where Defendant is prosecuted pursuant to a law all of which deny equal protection of the laws as well as substantive due process of law under the First, Fifth, Ninth, and Fourteenth Amendments.

- 16 -

79.     Venue is proper in the Central District of California, because (a) original Defendant resides within Los Angeles County in the Santa Monica, Division of the Central District of California and this case is removed from the Superior Court of the State of California in and for Los Angeles County, California, which exists within the territorial boundaries of the Southern Division of the Central District and finally because all or a substantial part of the events or omissions giving rise to the claim occurred within the Southern Division of the Central District of California.  Defendant will promptly file a copy of this notice of removal as a "Notice of Notice of Removal" with the clerk of the state court in the Superior Court for the State of California in and for Los Angeles County where action was originally filed and has been pending.

80.     For all the above-and-forgoing reasons, removal of this action from Superior Court in and for Los Angeles County, California, to the United States District Court for the Central District of California, (Los Angeles County) Division, is proper pursuant to all relevant statutes and law.


THURSDAY, FEBRUARY 6, 2015

Respectfully Submitted,

By: _____

DORIS JONES

*In propia persona*

## CERTIFICATE OF FILING AND SERVICE

I the undersigned Defendant do herby certify that I filed an original signed copy of the above-and-foregoing Notice of Civil Rights Removal with the Los Angeles County Superior Court Clerk for the State of California and simultaneously served a true and correct copy of the same on each of the following known parties to the above entitled and numbered cause as follows:

Clerk of Court

Superior Court of California, Los Angeles County

Santa Monica

1725 main st

Santa Monica, CA, 90401


And

H.G. LONG ESQ

634 OAK STREET

SAN BERNARDINO, CA, 92410

Tel. (949) 854-2244


Respectfully Signed and Submitted,

THURSDAY, FEBRUARY 6, 2015

By: _____

DORIS JONES, *in propia persona*

- 18 -

SUM-130

# SUMMONS
## (CITACION JUDICIAL)
### UNLAWFUL DETAINER-EVICTION
### (RETENCIÓN ILÍCITA DE UN INMUEBLE-DESALOJO)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MICHAEL S MAGNESS Does 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GW SAN DIEGO PROPERTIES, LLC AND.OR ITS SUCCESSORS AND/OR
ASSIGNEES IN INTEREST

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. (To calculate the five days, count Saturday and Sunday, but do not count other court holidays. If the last day falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.) A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp),* your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org),* the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp),* or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. (Para calcular los cinco días, cuente los sábados y los domingos pero no los otros días feriados de la corte. Si el último día cae en sábado o domingo, o en un día en que la corte esté cerrada, tiene hasta el próximo día de corte para presentar una respuesta por escrito). Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

1. The name and address of the court is:
*(El nombre y dirección de la corte es):*

SANTA MONICA
1725 MAIN ST RM 232
SANTA MONICA, CA 90401

**CASE NUMBER:**
*(Número del caso):* 14K0 9451

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
H.G. LONG & ASSOCIATES                          H.G. LONG BAR #127735
634 OAK CT. SAN BERNARDINO CA 92410             909-889-5151
SAN BERNARDINO CA 92410

3. *(Must be answered in all cases)* An **unlawful detainer assistant** (Bus. & Prof. Code, §§ 6400-6415)  ☒ did not  ☐ did
for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)*

Date:
*(Fecha)* 9-12-14

Clerk, by _____ , Deputy
*(Secretario)*              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

4. NOTICE TO THE PERSON SERVED: You are served
   a. ☒ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify):*
   c. ☐ as an occupant
   d. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ CCP 415.46 (occupant)           ☐ other *(specify):*
5. ☐ by personal delivery on *(date):*

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. July 1, 2009]

*Martin Dean's*
**ESSENTIAL FORMS™**

**SUMMONS-UNLAWFUL DETAINER-EVICTION**

Code of Civil Procedure, §§ 412.20, 415.456, 1167
*www.courtinfo.ca.gov*

000035                          14090206

1  H.G. LONG, ESQ. (SBN 127735)
   H.G. LONG & ASSOCIATES
2  634 Oak Ct.
   San Bernardino, California 92410
3
   Tel: (909) 889-5151
4  Fax: (909) 889-3900

5  Attorneys for Plaintiff(s)

6

7

8              SANTA MONICA SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       FOR THE COUNTY OF LOS ANGELES

10

11  GW SAN DIEGO                    )    CASE NUMBER:
    PROPERTIES, LLC AND.OR          )
12  ITS SUCCESSORS AND/OR           )    LIMITED JURISDICTION
    ASSIGNEES IN INTEREST           )
13                                  )    COMPLAINT FOR UNLAWFUL DETAINER
          Plaintiff(s),             )
14  vs.                             )    [Action based on Code of Civil Procedure Section 1161a]
    MICHAEL S MAGNESS               )
15                                  )
                                    )    [Amount in controversy does not exceed $10,000.00]
16                                  )
                                    )
17  and Does 1 through 10, inclusive, )

18        Defendants.

19  _____

20

21
          Plaintiff alleges:           FIRST CAUSE OF ACTION
22                                     BROUGHT BY PLAINTIFF
23                                     AGAINST ALL DEFENDANTS
24                                     FOR UNLAWFUL DETAINER
25
       1:  Plaintiff is -a limited liability company duly organized and existing under the laws of the State of
26         California.
27

28

                                        1

1   Plaintiff is, and at all times herein mentioned was, authorized to do business in the State of California.

2

3       2.      Plaintiff is informed and believes, and thereon alleges that each of the Defendants is,

4   and at all times herein mentioned was, in possession of the real property which is the subject of this

5   action.

6       3.      The true names and capacities of defendants sued herein as Does 1 through 10,

7   inclusive, are unknown to Plaintiff who therefore sues said defendants by such fictitious names.

8   Plaintiff will seek leave of court to amend this Complaint to allege their true names and capacities

9   when the same are fully ascertained.

10      4.      Plaintiff is informed and believes, and thereon alleges that each of the defendants is,

11  and at all times herein mentioned was, the agent and employee of each of the remaining defendants,

12  and in doing the things herein alleged, was acting within the course and scope of such agency and

13  employment.  Plaintiff is informed and believes, and thereon alleges that each of the defendants

14  ratified, approved and accepted the benefits of the acts of each of the remaining defendants with full

15  knowledge of the nature and effect of such acts.

16      5.      The real property which is the subject of this action is located at:

17  5628 COMANCHE AVE, WOODLAND HILLS, CA, 91367, LOS ANGELES COUNTY . Said real property shall

18  hereinafter be referred to as the "subject property".  The subject property is within the geographical

19  area for venue of the above-entitled court.

20      6.      Plaintiff is informed and believes, and thereon alleges that each of the Defendants is,

21  and at all times herein mentioned was, in possession of the subject property.

22      7.      On or about 9/4/2014    , Plaintiff purchased the subject property at a trustee's sale

23  conducted pursuant to a power of sale in a deed of trust in which Defendants, and each of them,

24  excepting the fictitiously named doe defendants, were the trustors on the underlying deed of trust and

25  former owners of the subject property.   Plaintiff is informed and believes, and thereon alleges that the

26  nonjudicial foreclosure process leading up to said trustee's sale was conducted in compliance with the

27  provisions of Civil Code, Section 2924.  Plaintiff duly perfected title to the subject property. Plaintiff

28  was not the foreclosing beneficiary under the deed of trust leading to said trustee's sale, has, and at all

2

---

14090206                        COMPLAINT

1   times herein mentioned, had no notice of any claimed or professed defects in the nonjudicial

2   foreclosure process, if any, and paid valuable consideration for the subject property.  None of the

3   defendants has ever tendered payment of funds to reinstate the underlying note secured by deed of

4   trust.  Plaintiff was a bona fide purchaser for value without notice of any defects in the nonjudicial

5   foreclosure process.  The trustees deed upon sale recites that all statutory formalities leading up to the

6   nonjudicial foreclosure sale were duly complied with.  Plaintiff is informed and believes, and thereon

7   alleges that all statutory requirements for publication and giving notice of the notice of default and

8   election to sell, and of the notice of trustee's sale, in relation to said nonjudicial process, were duly

9   complied with.

10         8.     On or about 9/5/2014 , Plaintiff caused to be served on Defendants, and each of

11  them, and upon all persons claiming any right to possession of the subject property, a notice to quit

12  (hereinafter the "notice"), a copy of which is attached hereto and incorporated herein by reference as

13  Exhibit "2" as though fully set forth hereat.  Said notice was served in compliance with the

14  requirements of C.C.P., Section 1162.  A copy of the proof of service of the notice is attached hereto

15  and incorporated herein by reference as Exhibit "3" as though fully set forth hereat.

16         9.     The period stated in the notice expired on 9/8/2014 , and Defendants, and each of

17  them, at all times since expiration of the notice until the present, have remained in possession of the

18  subject property without Plaintiff's permission or consent.

19         10.    Plaintiff is informed and believes and thereon alleges that the fair rental value of the

20  subject property is, and at all times since expiration of the notice, the sum of $ 111.47 per day.

21  Plaintiff is informed and believes, and thereon alleges that Plaintiff is entitled to an award of damages

22  for such fair rental value for the period commencing with expiration of the notice up through entry of

23  judgment, in a total sum according to proof.

24  //

25  //

26  //

27  //

28

3

14090206                           COMPLAINT

WHEREFORE, Plaintiff prays for judgment as follows:

1.    For restitution and possession of the subject property located at:

   5628 COMANCHE AVE, WOODLAND HILLS, CA, 91367, LOS ANGELES COUNTY ;

2.    For daily rental value damages for the period commencing 9/9/2014  through the date of entry of judgment at the rate of $ 111.47 per day;

3.    For costs of suit incurred herein; and

4.    For such other and further relief as this Court may deem proper and just.

5.    Plaintiff remits all damages in excess of the jurisdictional limits of the Court.

DATED: 9/10/2014

                                      H.G. LONG & ASSOCIATES

                                      BY:
                                        H.G. LONG, ESQ.
                                        Attorney for Plaintiff(s)

4

14090206                                    COMPLAINT

## Verification

1. I am an agent of the Plaintiff(s). I am verifying the attached Complaint because I am more familiar with the facts alleged than it Plaintiff(s) or the other agents and employees of Plaintiff(s). I have read the attached Complaint and know the contents thereof. I am informed and believe that the matters contained within it are true and on that ground allege that the matters stated are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this verification was executed in Corona_____, California on _____,

_____
Agent for Plaintiff(s)

2. Plaintiff(s) entity is:

    ( ) Individual
    ( ) Partnership
    ( ) Corporation
    (✓) Limited Liability Company
    ( ) Trust
    ( ) Other: _____

3. Property was purchased at: (✓) Trustees Sale  or  ( ) REO Sale.

4. The notice that the complaint is based on is a (✓) 3 Day or ( ) 90 Day.

The daily damage value per day is: $ 111.47____.

The property address is: 5628 Comanche Ave., Woodland Hills, CA 91367_____

I request that a facsimile be accepted as an original pursuant to CRC 2.305(d), a signature hereon, in any, I produced by facsimile transmission is admissible as an original.

I declare under penalty of perjury that the forgoing is true and correct.

I executed this verification on 9/9/14_____ at Corona_____, CA.


Stacy Dorado_____
(Name, *printed or typed*)

                                           (Signature)

**NOTICE:** EVERYONE WHO LIVES IN THIS RENTAL UNIT MAY BE EVICTED BY COURT ORDER. READ THIS FORM IF YOU LIVE HERE AND IF YOUR NAME IS NOT ON THE ATTACHED SUMMONS AND COMPLAINT.

1. If you live here and you do not complete and submit this form within 10 days of the date of service shown on this form, you will be evicted without further hearing by the court along with the persons named in the Summons and Complaint.
2. If you file this form, your claim will be determined in the eviction action against the persons named in the Complaint.
3. If you do not file this form, you will be evicted without further hearing.

CLAIMANT OR CLAIMANT'S ATTORNEY (Name and Address):
DORIS JONES
5628 COMANCHE AVE
WOODLAND HILLS, CA 91367

TELEPHONE NO.:

ATTORNEY FOR (Name):

NAME OF COURT: SANTA MONICA
STREET ADDRESS: 1725 MAIN ST
MAILING ADDRESS: 1725 MAIN ST
CITY AND ZIP CODE: SANTA MONICA, CA 90401
BRANCH NAME:

PLAINTIFF: GW SAN DIEGO PROPERTIES,LLC

DEFENDANT: DORIS JONES

FOR COURT USE ONLY

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 18 2014

Sherri R. Carter, Executive Officer/Clerk

By Darnetta Smith, Deputy

**PREJUDGMENT CLAIM OF RIGHT TO POSSESSION**

CASE NUMBER:
14R09451

Complete this form only if ALL of these statements are true:
1. You are NOT named in the accompanying Summons and Complaint.
2. You occupied the premises on or before the date the unlawful detainer (eviction) Complaint was filed.
3. You still occupy the premises.

(To be completed by the process server)
DATE OF SERVICE:
(Date that this form is served or delivered, and posted, and mailed by the officer or process server)

I DECLARE THE FOLLOWING UNDER PENALTY OF PERJURY:
1. My name is (specify): DORIS JONES

2. I reside at (street address, unit No., city and ZIP code):

   5628 COMANCHE AVE WOODLAND HILLS,CA 91367

3. The address of "the premises" subject to this claim is (address):
   5628 COMANCHE AVE WOODLAND HILLS, CA 91367

4. On (insert date): 9/12/2014 , the landlord or the landlord's authorized agent filed a complaint to recover possession of the premises. (This date is the court filing date on the accompanying Summons and Complaint.

5. I occupied the premises on the date the complaint was filed (the date in item 4). I have continued to occupy the premises ever since.

6. I was at least 18 years of age on the date the complaint was filed (the date in item 4).

7. I claim a right to possession of the premises because I occupied the premises on the date the complaint was filed (the date in item 4).

8. I was not named in the Summons and Complaint.

9. I understand that if I make this claim of right to possession, I will be added as a defendant to the unlawful detainer (eviction) action.

10. (Filing fee) I understand that I must go to the court and pay a filing fee of $ 0 or file with the court the form "Application for Waiver of Court Fees and Costs." I understand that if I don't pay the filing fee or file with the court the form for waiver of court fees within 10 days from the date of service on this form (excluding court holidays), I will not be entitled to make a claim of right to possession.

(Continued on reverse)

CP10.5 [New January 1, 1991]

**PREJUDGMENT CLAIM OF RIGHT TO POSSESSION**

Code of Civil Procedure §§ 415.46,
715.010, 715.020, 1174.25

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

| **I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ ) | **DEFENDANTS** ( Check box if you are representing yourself ☒ ) |
|---|---|
| GW SAN DIEGO PROPERTIES,LLC AND OR ITS SUCCESSORS, AND/OR ASSIGNEES IN INTEREST | ~~Doris Jones~~ Michels Magness |

| **(b)** County of Residence of First Listed Plaintiff _____ (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant  Los Angeles (IN U.S. PLAINTIFF CASES ONLY) |
|---|---|

| **(c)** Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information. | Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information.  Doris Jones  5628 Comanche Ave Woodland Hills, CA 91367 |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☐ No     ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☒ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

| FOR OFFICE USE ONLY: | Case Number: | CV15-863 |
|---|---|---|

| CV-71 (10/14) | CIVIL COVER SHEET | Page 1 of 3 |
|---|---|---|

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| [X] Yes  [ ] No<br><br>If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | [ ] Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | Eastern |

| QUESTION B:  Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | | |
|---|---|---|
| [ ] Yes  [X] No<br><br>If "no," skip to Question C. If "yes," answer Question B.1, at right. | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* → | [ ] YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | [X] NO.  Continue to Question B.2. |
| | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* → | [X] YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | [ ] NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | | |
|---|---|---|
| [ ] Yes  [X] No<br><br>If "no," skip to Question D. If "yes," answer Question C.1, at right. | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* → | [ ] YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | [X] NO.  Continue to Question C.2. |
| | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* → | [X] YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | [ ] NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A.<br>Orange County | B.<br>Riverside or San Bernardino County | C.<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | [ ] | [ ] | [X] |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | [ ] | [X] | [X] |

| **D.1.  Is there at least one answer in Column A?** | **D.2.  Is there at least one answer in Column B?** |
|---|---|
| [ ] Yes  [X] No<br><br>If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br><br>Enter "Southern" in response to Question E, below, and continue from there.<br><br>If "no," go to question D2 to the right. → | [X] Yes  [ ] No<br><br>If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br><br>Enter "Eastern" in response to Question E, below.<br><br>If "no," your case will be assigned to the WESTERN DIVISION.<br><br>Enter "Western" in response to Question E, below.  ↓ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: → | EASTERN |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | [ ] Yes  [X] No | |

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court**?          ☒ NO          ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?

☒ NO          ☐ YES

If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

☐   A. Arise from the same or a closely related transaction, happening, or event;

☒   B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐   C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐   A. Arise from the same or a closely related transaction, happening, or event;

☐   B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐   C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

---

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _____     DATE: ___  2/6/15

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |