UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GW SAN DIEGO PROPERTIES, LLC, ) | CASE NO.  CV 15-863-JAK (MANx) |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |
| ) | |
| MICHAEL S. MAGNESS and, DOES 1 ) through 10, inclusive, ) | JS-6 |
| ) | |
| Defendants. ) | |

The Court orders the remand of this unlawful detainer action to the Superior Court summarily, because it was removed improperly.

On February 6, 2015, Doris Jones ("Jones") filed a Notice of Removal of an unlawful detainer action commenced by a complaint filed against Michael S. Magness ("Magness") on November 12, 2014, in Los Angeles Superior Court Case No. 14F10645 (the "Complaint"). Jones also presented an application to proceed *in forma pauperis*. The Complaint alleges what appears to be a routine state law unlawful detainer claim against Magness (the "Unlawful Detainer Action"). The Court has denied the *in forma pauperis* application in a separate order because the Unlawful Detainer Action was not properly removed. To prevent the Unlawful Detainer Action from continuing to present a potentially confusing jurisdictional issue, the Court issues this Order to remand the action

1  to the Superior Court.

2       Jones purports to remove to this Court the same Complaint at issue in Case No. CV

3  14-9073-UA-DUTY, *GW San Diego Properties, LLC v. Michael S. Magness, et al.* (the

4  "Prior Case").   Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes

5  judicial notice of the records and files in the Prior Case, in which, Magness purported to

6  remove the Unlawful Detainer Action to this Court.  On December 2, 2014, Chief  Judge

7  George H. King remanded the Unlawful Detainer Action, finding that neither federal

8  question nor diversity jurisdiction was present.[1]

9       As Magness did in the Prior Case, Jones alleges that the action can be removed

10  because this Court has original jurisdiction over the Unlawful Detainer Action pursuant to

11  federal question jurisdiction and diversity jurisdiction. Jones asserts, again as Magness did

12  in the Prior Case, that federal question jurisdiction exists, because:  California's non-

13  judicial foreclosure and judicial eviction procedures violate the civil rights of, and racially

14  discriminate against, "Ethnic-Surname Americans (all of whom are presumed to be

15  illiterate in the English language and therefore ignorant of their rights)"; and the plaintiff

16  in the Unlawful Detainer Action acted fraudulently.  To remove a case based upon federal

17  question jurisdiction, however, the federal issue or claim must arise in the underlying

18  complaint filed in the action that the defendant seeks to remove.   <u>Merrell Dow</u>

19  <u>Pharmaceuticals, Inc. v. Thompson</u>, 478 U.S. 804, 808, 106 S. Ct. 3229 (1986) ("the

20  question whether a claim 'arises under' federal law must be determined by reference to the

21  'well-pleaded complaint,' and "the question for removal jurisdiction must" be determined

22  based upon the complaint's allegations).  "A defense that raises a federal question is

23  inadequate to confer federal jurisdiction."  *Id.*  Even if Jones could establish that plaintiff

24  acted fraudulently and/or that she has been subjected to a violation of her civil rights in

25

26       [1]     The Notice of Removal Jones has filed is exactly the same as that lodged in the remanded Prior
27  Case, except that Jones has replaced Magness's name with hers in various portions of the Notice of
    Removal.

28

connection with the real property which is the subject of the Unlawful Detainer Action, this would be a defense or cross-claim in the state action and/or provide the basis for a separate lawsuit.  Jones's allegations do not confer federal question jurisdiction over the Unlawful Detainer Action.

With respect to Jones's contention that diversity jurisdiction exists, the Unlawful Detainer Action Complaint shows that the amount in controversy does not exceed the diversity jurisdiction threshold of $75,000.  Indeed, the Complaint expressly alleges that the "[a]mount in controversy does not exceed $10,000.00."  Thus, based on the face of the Complaint,  diversity jurisdiction is lacking.  *See* 28 U.S.C. § 1332(a).

The Complaint does not allege any basis for federal subject-matter jurisdiction. Therefore,  there is no basis for concluding that the Unlawful Detainer Action could have been brought initially in federal court.  Therefore, removal was improper. 28 U.S.C. § 1441; *see* Exxon Mobil Corp v. Allapattah Svcs., Inc., 545 U.S. 546, 563, 125 S.Ct. 2611 (2005).

Accordingly, IT IS ORDERED that:  (1) this matter is  REMANDED to the Superior Court of California, Los Angeles County, 1725 Main Street, Room 232, Santa Monica, CA 90401, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the Clerk shall send a certified copy of this Order to the state court; and (3) the Clerk shall serve copies of this Order on the parties.

DATED: February 11, 2015

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

- 3 -